# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| RYAN BANE, MARYKE VAN DER WALT, | CIVIL CASE NO. 3:22-cv-0067 |
| Plaintiffs, | COMPLAINT FOR DAMAGES |
| v. | JURY TRIAL DEMANDED |
| ABIGAIL OPEL, | |
| Defendant. | |

Plaintiffs, RYAN BANE and MARYKE VAN DER WALT, hereby allege as follows:

**JURISDICTION/VENUE**

1. Plaintiff, RYAN BANE, is a citizen of of the Territory of the United States Virgin Islands.

2. Plaintiff, MARYKE VAN DER WALT, is a citizen of the State of Florida.

3. Defendant, ABIGAIL OPEL, is, and was, a citizen of the State of Maryland.

4. Subject matter jurisdiction is proper since the citizenship of Plaintiffs and Defendant are diverse and the amount in controversy, exclusive of interests and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00). Therefore, this Court has jurisdiction over the matter pursuant to 28. U.S.C.§ 1332.

5. This is a personal injury action that arose within the Territory of the United States Virgin Islands.

**FIRST CAUSE OF ACTION**
**(RYAN BANE vs. ABIGAIL OPEL)**

6. Plaintiff, RYAN BANE, realleges paragraphs 1 through 5, and incorporates the same by reference as though fully set forth herein.

7. At all times herein mentioned, Defendant, ABIGAIL OPEL, is, and was, the driver

1 and operator of a 2020 Jeep Wrangler, bearing US Virgin Islands license plate number JAS-532
2 (hereinafter referred to as Defendant's automobile"), that was rented by Defendant ABIGAIL OPEL
3 from Pine Cone Jeep Rentals, LLC, on St. John, United States Virgin Islands.

4     8.    At all times herein mentioned, North Shore Road, at or near Honeymoon Beach, is,
5 and was, a public street and/or roadway on the Island of St. John.

6     9.    At all times herein mentioned, Plaintiff, RYAN BANE, is, and was, the owner,
7 operator, maintainer, repairer and otherwise in control of a 2003 Jeep Wrangler, bearing Virgin
8 Islands license plate number ST. JOHNS, and was proceeding on southeasterly direction on North
9 Shore Road, on the Island of St. John, Territory of the United States Virgin Islands.

10     10.    On November 25, 2020, at or near 3:17 pm, Defendant, ABIGAIL OPEL, was
11 operating Defendant's automobile on North Shore Road in a northwesterly direction and crossed the
12 lane marker and collided with the automobile operated by Plaintiff, RYAN BANE.

13     11.    At that time and place, Defendant, ABIGAIL OPEL, drove Defendant's automobile
14 over the center line and into the oncoming lane of traffic thereby causing a collision with the vehicle
15 operated by Plaintiff, RYAN BANE, thereby causing serious injuries and damages to Plaintiff,
16 RYAN BANE, as herein alleged. Defendant, ABIGAIL OPEL, in driving into the opposite lane of
17 travel acted negligently and carelessly and was in violation of 20 V.I.C. § 503 and § 495(a).

18     12.    As a direct and proximate result of the negligence of Defendant, ABIGAIL OPEL,
19 as hereinabove alleged, Plaintiff, RYAN BANE, was hurt and injured in his health, strength and
20 activity, in all parts of his body, and sustained shock and injury to his nervous system and person,
21 all of which injuries have caused and continue to cause Plaintiff great mental, physical and nervous
22 anxiety, and pain and suffering in excess of $75,000.00.  Plaintiff, RYAN BANE, is informed and
23 believes, and thereon alleges, that these injuries will result in some permanent disability to Plaintiff,
24 all to his general damage, in an amount to be proven at time of trial.

25     13.    As a further direct and proximate result of the negligence of Defendant, ABIGAIL
26 OPEL, as hereinabove alleged, Plaintiff, RYAN BANE, was required to, and did, employ physicians,
27 surgeons and therapists to treat and care for him and did sustain expenses for such medical treatment
28 and care, hospitalization, medicine, and for other and further medical and incidental care, for which

1  Plaintiff has incurred liability in an amount as yet unascertained.  Plaintiff, RYAN BANE, prays
2  leave of Court to amend and/or supplement this Complaint to insert the actual and reasonable value
3  of all medical and incidental expenses when same have been ascertained, or to prove same at time
4  of trial.

5      14.    Plaintiff, RYAN BANE, is informed and believes, and based thereupon alleges, that
6  as a further direct and proximate result of the negligence of Defendant, ABIGAIL OPEL, as
7  hereinabove alleged, he will necessarily require additional medical care, hospitalization, medicines,
8  and other and further medical attention in the future and will incur liability therefrom.  Plaintiff,
9  RYAN BANE, prays leave of Court to amend and/or supplement this Complaint to insert the actual
10 and reasonable value of all such additional medical and incidental expenses when same have been
11 ascertained, or to prove same at time of trial.

12     15.    As a further direct and proximate result of the negligence of Defendant, ABIGAIL
13 OPEL, as hereinabove alleged, Plaintiff, RYAN BANE, became incapacitated and was prevented
14 from following his usual occupation for an undetermined period of time; and as a result thereof,
15 Plaintiff suffered a loss of earnings and earning capacity and ability and other financial losses in an
16 undetermined amount.  Plaintiff, RYAN BANE, prays leave of Court to amend and/or supplement
17 this Complaint to include the exact amount of said loss of earnings and earning capacity and ability
18 when ascertained, or to prove same at time of trial.

### SECOND CAUSE OF ACTION
### (MARYKE VAN DER WALT vs. ABIGAIL OPEL)

22     16.    Plaintiff, MARYKE VAN DER WALT realleges paragraphs 1 through 45, and
23 incorporates the same by reference as though fully set forth herein.

24     17.    At all times herein mentioned, Plaintiff, MARYKE VAN DER WALT, was a
25 passenger in the 2003 Jeep Wrangler owned and operated by Plaintiff RYAN BANE, and was
26 proceeding on North Shore Road at on near Honeymoon Beach in a southwesterly direction on the
27 Island of St. John, Territory of the United States Virgin Islands.

28     18.    On November 25, 2020, at or near 3:17 pm, Defendant, ABIGAIL OPEL, was

operating Defendant's automobile on North Shore Road in a northwesterly direction and crossed the lane marker and collided with the automobile operated by Plaintiff, RYAN BANE.

19. At that time and place, Defendant, ABIGAIL OPEL, drove Defendant's automobile over the center line and into the oncoming lane of traffic thereby causing a collision with the vehicle in which Plaintiff MARYKE VAN DER WALT was a passenger in, thereby causing serious injuries and damages to Plaintiff, MARYKE VAN DER WALT, as herein alleged. Defendant, ABIGAIL OPEL, in driving into the opposite lane of travel acted negligently and carelessly and was in violation of 20 V.I.C. § 503 and § 495(a).

20. As a direct and proximate result of the negligence of Defendant, ABIGAIL OPEL, as hereinabove alleged, Plaintiff, MARYKE VAN DER WALT, was hurt and injured in her health, strength and activity, in all parts of her body, and sustained shock and injury to her nervous system and person, all of which injuries have caused and continue to cause Plaintiff great mental, physical and nervous anxiety, and pain and suffering, thereby causing damages in excess of $75,000.00. Plaintiff, MARYKE VAN DER WALT, is informed and believes, and thereon alleges, that these injuries will result in some permanent disability to Plaintiff, all to her general damage, in an amount to be proven at time of trial.

21. As a further direct and proximate result of the negligence of Defendant, ABIGAIL OPEL, as hereinabove alleged, Plaintiff, MARYKE VAN DER WALT, was required to, and did, employ physicians, surgeons and therapists to treat and care for her and did sustain expenses for such medical treatment and care, hospitalization, medicine, and for other and further medical and incidental care, for which Plaintiff has incurred liability in an amount as yet unascertained. Plaintiff, MARYKE VAN DER WALT, prays leave of Court to amend and/or supplement this Complaint to insert the actual and reasonable value of all medical and incidental expenses when same have been ascertained, or to prove same at time of trial.

22. Plaintiff, MARYKE VAN DER WALT, is informed and believes, and based thereupon alleges, that as a further direct and proximate result of the negligence of Defendant, ABIGAIL OPEL, as hereinabove alleged, she will necessarily require additional medical care, hospitalization, medicines, and other and further medical attention in the future and will incur

1  liability therefrom. Plaintiff, MARYKE VAN DER WALT, prays leave of Court to amend and/or
2  supplement this Complaint to insert the actual and reasonable value of all such additional medical
3  and incidental expenses when same have been ascertained, or to prove same at time of trial.
4      23. As a further direct and proximate result of the negligence of Defendant, ABIGAIL
5  OPEL, as hereinabove alleged, Plaintiff, MARYKE VAN DER WALT, became incapacitated and
6  was prevented from following her usual occupation for an undetermined period of time; and as a
7  result thereof, Plaintiff suffered a loss of earnings and earning capacity and ability and other financial
8  losses in an undetermined amount. Plaintiff, MARYKE VAN DER WALT, prays leave of Court
9  to amend and/or supplement this Complaint to include the exact amount of said loss of earnings and
10 earning capacity and ability when ascertained, or to prove same at time of trial.
11     WHEREFORE, Plaintiffs prays judgment against Defendant, and each of the, as follows:
12     1. For general damages for in an amount in excess of $75,000.00, and in an amount to
13 be proven at the time of trial;
14     2. For medical and related expenses, past, present and future, all in an amount to be
15 proven at the time of trial;
16     3. For loss of earnings or earning ability, past, present and future, all in an amount to be
17 proven at the time of trial;
18     4. For exemplary and punitive damages, according to proof;
19     5. For a trial by jury pursuant to Rule 38, Federal Rules of Practice;
20     6. For costs of suit incurred herein; and
21     7. For such other and further relief as this Court deems just and proper.
22 Dated : November 5, 2022     **LAW OFFICES OF FRIEDBERG & BUNGE**
23     By: *s/ THOMAS F. FRIEDBERG, ESQ.*
    THOMAS F. FRIEDBERG, ESQ.(VI#1006)
24     Attorneys for Plaintiff, RYAN BANE and
    MARYKE VAN DER WALT
25     1005 Rosecrans Street, Suite 1005
    P.O. Box 6814
26     San Diego, California 92101
    TEL : (619)557-0101
27     FAX:  (619)557-0560
28

**DEMAND FOR JURY**

Plaintiffs hereby demand a jury trial pursuant to Rule 38, of the Federal Rules of Practice.

Dated : November 5, 2022        **LAW OFFICES OF FRIEDBERG & BUNGE**

By: *s/ THOMAS F. FRIEDBERG, ESQ.*
 THOMAS F. FRIEDBERG, ESQ.(VI#1006)
 Attorneys for Plaintiff, RYAN BANE and
 MARYKE VAN DER WALT
 1005 Rosecrans Street, Suite 1005
 P.O. Box 6814
 San Diego, California 92101
 TEL : (619)557-0101
 FAX:  (619)557-0560