**IN THE DISTRICT COURT OF THE U.S. VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| RYAN BANE and MARYKE VAN DER WALT,<br><br>　　　　　　　　　　　Plaintiffs,<br>　　v.<br><br>ABIGAIL OPEL,<br>　　　　　　　　　　　Defendant. | CIVIL CASE NO. 3:22-CV-0067<br><br>COMPLAINT FOR DAMAGES<br><br><u>JURY TRIAL DEMANDED</u> |

## <u>ANSWER AND AFFIRMATIVE DEFENSES</u><br><u>TO PLAINTIFF'S COMPLAINT</u>

COMES NOW Defendant ABIGAIL OPEL ("Defendant"), by and through the law offices of BECKSTEDT & KUCZYNSKI LLP, and serves her Answer and Affirmative Defenses to Plaintiffs' Complaint in correspondingly numbered paragraphs as follows:

### <u>VENUE AND JURISDICTION</u>

1.　Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies same.

2.　Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies same.

3.　Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies same.

4.　The allegation calls for a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

5.　Denied.

### <u>FIRST CAUSE OF ACTION</u><br>(RYAN BANE v. ABIGAIL OPEL)

6.　Defendant repeats and realleges the answers to all preceding paragraphs as though set

forth herein.

7. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies same.

8. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies same.

9. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies same.

10. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies same.

11. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies same.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

## SECOND CAUSE OF ACTION
### (MARYKE VAN DER WALT v. ABIGAIL OPEL)

16. Defendant repeats and realleges the answers to all preceding paragraphs as though fully set forth herein.

17. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies same.

18. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies same.

19.Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies same.

20.Denied.

21.Denied.

22.Denied.

23.Denied.

## ADDITIONAL DENIALS

1.Defendant denies each and every allegation in Plaintiffs' Complaint not heretofore expressly admitted or otherwise pled to in response.

2.Defendant denies that she is liable for any act or omission of any kind or nature whatsoever that would warrant the imposition of damages against her, as alleged, or at all.

## AFFIRMATIVE DEFENSES

1.The Complaint fails to state a claim upon which relief can be granted.

2.Plaintiffs are estopped by Plaintiffs' own improper conduct.

3.The Plaintiffs' accident was not foreseeable by this Defendant.

4.The accident in question occurred without negligence on the part of this Defendant.

5.Any damages alleged in the Complaint, if any, resulted from acts or omissions of one or more third parties over whom this Defendant had no dominion or control.

6.Any damages alleged in the Complaint, if any, was the proximate result of an unforeseeable intervening cause and/or superseding cause.

7.Plaintiffs were negligent in the performance of their duties so that such negligence was the sole proximate cause of any loss or damage alleged in the Complaint and, if not the sole

cause, was a contributing cause to such a degree as to bar or diminish Plaintiffs' recovery against Defendant pursuant to provisions of 5 V.I.C. §1451 *et seq*.

8. Defendant denies her conduct was negligent, but to the extent Defendant's conduct is considered negligent such conduct was not the cause in fact or legal cause of any damages suffered by Plaintiffs.

9. Liabilities and damages proximately caused and/or contributed to by persons other than Defendant, whether named and/or unnamed should be apportioned according to their relative degrees of fault and the liability of Defendant, if any, should be reduced accordingly.

10. Plaintiffs have a duty to mitigate damages and failed to mitigate their damages as required by law.

11. To the extent Plaintiffs mitigated their damages from collateral sources, any payments from collateral sources must be set off against any judgment the Plaintiffs may recover against the Defendant.

12. The injuries sustained by Plaintiffs as alleged in the Complaint were the direct and proximate result of Plaintiffs' willful, knowledgeable, and voluntary assumption of the risk with respect to a situation Plaintiffs knew or had reasonable cause to have known may have been potentially hazardous, and the risk of which Plaintiffs freely and voluntarily chose to encounter.

13. Defendant denies any damages for future loss, but to the extent Plaintiffs claims any damages for future loss such loss must be reduced to present value.

14. Plaintiffs' conduct was so reckless as to constitute a disregard of their own safety, and they are therefore barred from recovery against Defendant.

15. Plaintiffs failed to utilize proper safety equipment, including seat belts, that would have mitigated and/or eliminated their injuries.

16. Defendant reserves the right to amend her Answer and Affirmative Defenses to add any affirmative defenses that becomes appropriate based on investigation and discovery during the litigation process.

**WHEREFORE**, Abigail Opel demands judgment against Plaintiffs dismissing their Complaint, together with costs, attorneys' fees and such other and further relief as the Court deems just and appropriate.

                                        Respectfully submitted,

                                        **Beckstedt & Kuczynski LLP**
                                        *Attorneys for Defendant*
                                        2162 Church Street
                                        Christiansted, VI 00820
                                        Tel: (340) 719-8086 / Fax: (800) 886-6831
                                        earnesta@beckstedtlaw.com

Dated: December 16, 2022          By:    /s/ Earnesta L. Taylor
                                                                 Earnesta L. Taylor, Esq.
                                                                Virgin Islands Bar No. 828